IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


DASHUNDA R. JOHNSON                                                      PLAINTIFF

v.                                    Civil No. 1:16-cv-01089

PIZZA HUT                                                               DEFENDANT


**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**


Before this Court is, NPC International, Inc. ("NPC" or "Defendant")[1] Motion to Compel

Arbitration and Dismiss or Stay Proceedings.  ECF No. 12.  Plaintiff has filed a response to this

Motion.  ECF No. 13.  Defendant also filed Reply Briefing.  ECF No. 17.  Pursuant to the provisions

of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this

Court for the purpose of making a report and recommendation.  In accordance with that referral, this

Court enters the following report and recommendation.

**1. Background**

In this matter, Plaintiff brings a *pro se* suit against the Defendant, alleging discriminatory

discharge under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 et seq., the

Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII").  ECF No. 1.

On January 17, 2017, Defendants filed a Motion to Compel Arbitration and Dismiss or in the

alternative Stay Proceedings.  ECF. No. 12.  With this Motion, Defendant seeks referral of the issues

---

[1] Defendant asserts its correct name is NPC International, Inc., rather than "Pizza Hut" as
identified in Plaintiff's Complaint.

raised in this Complaint to arbitration in accordance with the terms of the Arbitration agreement.

Defendant further seeks a stay or dismissal the action pending arbitration. *Id.* According to

Defendant, during Plaintiff's employment with the Defendant, she electronically signed an

Arbitration Agreement confirming that she agreed to the following:

> NPC International Inc. on behalf of itself and its parents and affiliates, officers and
> directors (collectively, "NPC") and I agree to use confidential binding arbitration,
> instead of going to court, for any claims, including any claims now in existence or that
> may exist in the future (a) that I may have against NPC and/or their current or former
> employees or (b) that NPC may have against me. Without limitation, *such claims*
> *include any concerning . . . leave, employment (including, but not limited to, any*
> *claims concerning harassment, discrimination, or retaliation) . . . and/or termination*
> *of employment.*
> …
> In any arbitration, the American Arbitration Association ("AAA") will administer the
> arbitration, and the then prevailing employment dispute resolution rules of the AAA
> will govern, except that (a) NPC will pay the arbitrator's fees; (b) if I am the one filing
> the claim, NPC will pay that portion of the arbitration filing fee in excess of the similar
> court filing fee had I gone to court; and (c) as discussed below, the arbitration shall
> occur only as an individual action . . . .
>
> . . .
> All issues are for the arbitrator to decide, except that issues relating to arbitrability, the
> scope or enforceability of this Agreement to Arbitrate, or the validity, enforceability,
> and interpretation of its prohibitions of class and representative proceedings, shall be
> for a court of competent jurisdiction to decide.
>
> I acknowledge and agree that this Agreement to Arbitrate is made in exchange for my
> employment or continued employment, as well as the mutual promises to resolve
> disputes through arbitration contained in this Agreement. . . .

ECF No. 12-3 (emphasis added).

Plaintiff responded and stated Defendant's Motion should be denied because: (1) the

Arbitration Acknowledgment submitted by Defendant does not actually refer to Plaintiff; and (2) the

Agreement lacks mutuality because it is merely an "agreement to agree to" arbitrate. ECF No. 13.

**2. Applicable Law**

In addressing a motion to compel arbitration, courts generally apply a two-part test: "(1)

whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the

terms of that agreement." *E.E.O.C. v. Woodmen of World Life Ins. Soc.*, 479 F.3d 561, 565 (8th Cir. 2007) (quoting *Faber v. Menard, Inc.*, 367 F.3d 1048, 1052 (8th Cir. 2004)).   While, the Federal Arbitration Act ("FAA") governs the enforceability of the Arbitration Agreement in this case, "[t]he validity of the agreement is determined by state contract law." *Id.*   Under Arkansas law, the essential elements of a contract or an agreement are: (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual obligations, and (5) mutual agreement. *Showmethemoney Check Cashers, Inc. v. Williams,* 342 Ark. 112, 119–20, 27 S.W.3d 361, 366 (2000).

**3. Discussion**

   **A. Validly of Agreement**

   To establish an agreement under Arkansas law, there must be (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual obligations, and (5) mutual agreement.  The parties to this arbitration agreement did enter into a valid agreement. *See id.*

   Plaintiff has not alleged she was incompetent at the time she executed the Agreement.  There has been no argument or evidence that either party was incompetent.  Accordingly, I find the parties were competent to enter into the Agreement

   As to subject matter of the agreement at issue, the essential terms of the agreement must be definite. *Superior Fed. Bank v. Mackey*, 129 S.W.3d 324, 338 (2003).  The Agreement at issue covers the essential terms in detail, specifying the applicable rules governing the arbitration process, the claims and time period covered, the scope of issues to be decided by the arbitrator, and the rights retained by the parties. Therefore, the "subject matter" element is met.

    Arkansas law requires consideration for any contract. *See Alltel Corp. v. Sumner*, 360 Ark. 573, 203 S.W.3d 77 (Ark. 2005).  In this matter, both parties to this agreement have waived their right to pursue disputes through any court action.  The United States Court of Appeals for the Eighth Circuit has also held that parties' mutual agreement to relinquish rights to a trial serves as an adequate

consideration to make an arbitration agreement binding. *McNamra v. Yellow Transp.*, *Inc.*, 570 F.3d 950,956 (8th Cir.2009). Therefore, legal consideration exists based on (1) the parties' mutually binding promises to arbitrate and relinquish their rights to a trial, and (2) Plaintiff's continued employment after signing the Agreement.

In Arkansas, an enforceable contract is based on the mutual promises of the parties, and it must impose on them mutual obligations. *Showmethemoney Check Cashers v. Williams,* 27 S.W.3d 361, 366 (Ark.2000). Generally, each party to the contract must make a promise that binds it to the other party. If one those promises fails to fix any real liability upon the promising party, then the agreement lacks sufficient consideration and it is not a valid contract. *Townsend v. Standard Indus., Inc.,* 363 S.W.2d 535, 537 (Ark.1962).

Plaintiff argues the Arbitration Agreement is unenforceable because it lacks the required element of mutuality under Arkansas contract law. Specifically, Plaintiff contends the Agreement is a merely an "agreement to agree" to arbitrate, with uncertain and indefinite obligations, because it contains the phrase "If the Parties Agree to Arbitration." ECF No. 13. However, the phrase "If the Parties Agree to Arbitration" does not appear anywhere in the Agreement, nor does the Agreement contain any language suggesting that after execution of the Agreement, arbitration is elective rather than mandatory.

In this Agreement, both parties agreed to arbitrate disputes. Each party also expressly waived their right to pursue claims through any court action. This Agreement contains mutual obligations and mutual promises from both parties. Thus, where both parties agree to arbitrate their disputes through arbitration and each party also expressly waives their right to pursue claims through court action, their arbitration agreement contains mutual obligations and mutual promises.

Plaintiff also argues the Arbitration Acknowledgment submitted by Defendant does not actually refer to her and does not show she signed the Agreement. Specifically, Plaintiff argues the

4

Acknowledgment cannot refer to her because the Personnel Number listed on the document is not the same as her social security number, which she contends is her Personnel Number, because she always used her social security number to log-in to the SAP employee portal.  ECF No. 13.  However, Plaintiff's argument is without merit.

Defendant has established the Arbitration Agreement was signed by Plaintiff on February 20, 2015, by electronic acknowledgment.  This was established by the declaration of  Rachel Berry, the Human Resources Director and records custodian, who authenticated and explained the acknowledgment. ECF No. 12-1 and 17-1.  Additionally, under Arkansas law, an electronic signature may be used to sign a writing and has the same force and effect as a written signature, and "[a] contract may not be denied legal effect or enforceability solely because an electronic record was used in its formation."  Ark. Code Ann. § 25–32–107.

Plaintiff also disputes the manner by which she would log into personal documents. Defendant maintained a system called SAP where employees could access personal documents. Plaintiff claims she always used her social security number to log-in to the SAP employee portal. However, Defendant established an employee's Personnel Number is not the same as the employee's social security number or the login number that an employee uses to access SAP through the web portal. ECF No. 17-1.  It is simply a numerical identifier automatically generated by SAP when a new employee is entered into the system.  *Id.*  Plaintiff's Personnel Number was 2038066, as listed on her SAP records.  *Id.*  Therefore, the manner of log in alleged by Plaintiff bears no relationship to the validity of th Arbitration Agreement.

Based on the forgoing, I find  the agreement for arbitration is valid.

**B.  Issues Requiring Arbitration**

In addition to being a valid agreement, there must also be a showing that Plaintiff's employment discrimination claims fall within the scope of the Arbitration Agreement under the plain

terms of the Agreement.

In this matter, the Arbitration Agreement requires Plaintiff to arbitrate any claims arising between herself and Defendant, and specifically includes claims concerning employment discrimination and the termination of her employment.  ECF No. 12-3.  The entirety of Plaintiff's claim concern discrimination based on her discharge under the ADEA, ADA, and Title VII, and falls within the scope of the Arbitration Agreement.   Further, Plaintiff has made no showing otherwise.

**4. Conclusion**

For the reasons discussed above, it is recommended Defendants' Motion to Compel Arbitration and Dismiss or Stay Proceedings (ECF No. 12) be **GRANTED**, this matter be compelled to arbitration, and this case be stayed pending completion of the arbitration.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 2nd day of March 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE