IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DASHUNDA R. JOHNSON                                                                    PLAINTIFF

v.                                   Case No. 1:16-cv-1089

PIZZA HUT[1]                                                                              DEFENDANT

**<u>ORDER</u>**

Before the Court is the Report and Recommendation filed March 2, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 18). Plaintiff Dashunda R. Johnson filed timely objections to the Report and Recommendation, along with a supplement to her objections. (ECF Nos. 19, 22). The Court finds the matter ripe for consideration.

**I. BACKGROUND**

This case is an employment-discrimination action brought under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA").[2] Plaintiff is a former employee of Defendant NPC International, Inc., and alleges that she was wrongfully terminated. On January 17, 2017, Defendant filed a Motion to Compel Arbitration and Dismiss or in the Alternative Stay Proceedings (ECF No. 12),

---

[1] Defendant Pizza Hut states that it was incorrectly named in this action and that its proper name is "NPC International, Inc." The Court will refer to the party in this Order as "NPC International, Inc."

[2] Plaintiff's objections state that, in addition to the causes of action listed above, she also brings suit against Defendant on the basis that it interfered with her rights under the Family Medical Leave Act ("FMLA") and violated her privacy rights when it sent her to take a drug and alcohol test several days after she suffered a work-related injury. Plaintiff's supplement asserts that she also brings retaliation claims under Title VII, FMLA, and the Arkansas Civil Rights Act ("ACRA"); claims under 32 U.S.C. § 1983 and § 1988; and the state-law claims of defamation and outrage. However, Plaintiff's complaint (ECF No. 1) only asserts Title VII, ADEA, and ADA claims, and Plaintiff has not sought to amend her complaint to add the other claims. Therefore, the Court finds that Plaintiff has not made these additional claims.

stating that it and Plaintiff electronically signed a valid arbitration agreement that covers Plaintiff's claims in this matter.

Judge Bryant issued a Report and Recommendation, recommending that the Court grant Defendant's motion, compel this matter to arbitration, and stay the case pending completion of the arbitration. Judge Bryant reasoned that the parties' arbitration agreement is a valid contractual agreement under Arkansas law,[3] and that Plaintiff's claims in this matter fall within the scope of the arbitration agreement. Thus, Judge Bryant concluded that it is appropriate to compel this matter to arbitration. On March 10, 2017, Plaintiff filed objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections.

## II. DISCUSSION

Plaintiff objects to Judge Bryant's recommendation that the arbitration agreement is a valid contractual agreement under Arkansas law. Specifically, Plaintiff argues that the arbitration agreement is invalid due to lack of competent parties because she does not remember her personnel number[4] and does not remember electronically signing the agreement. Plaintiff also argues that the arbitration agreement is invalid due to lack of definite subject matter, consideration, mutual agreement, and mutual obligations because she did not sign the agreement in ink or electronically in cursive signature. Plaintiff argues further that when she previously pursued a workers' compensation claim, the arbitration agreement was not mentioned, and thus

---

[3] The validity and enforceability of a purported arbitration agreement is governed by state contract law. *E.E.O.C. v. Woodmen of World Life Ins. Soc.*, 479 F.3d 561, 565 (8th Cir. 2007). The essential elements of a valid arbitration agreement under Arkansas law are: (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations. *Showmethemoney Check Cashers, Inc. v. Williams*, 342 Ark. 112, 119-20, 27 S.W.3d 361, 366 (2000).

[4] The record shows that, in order to sign the arbitration agreement, employees were required to sign into an electronic computer system using an assigned personnel number. The system would display the document for the employee's review, after which the employee would click on an "Acknowledged Document" box. (ECF No. 12-2).

2

she concludes that no arbitration agreement was signed. The Court is unpersuaded by Plaintiff's objections.

Plaintiff's assertion that she does not remember her personnel number or signing the arbitration agreement is insufficient to show that she was incompetent at the time the agreement was signed.[5] The Court notes that Plaintiff does not allege that she was mentally incompetent at the time the agreement was signed, but rather she states that she does not remember signing the agreement. Without more evidence, the Court cannot assume that Plaintiff lacked contractual capacity at the time she signed the arbitration agreement. *See Harrod v. Signet Jewelers Ltd.*, No. 6:15-cv-6111 BAB, 2016 WL 4699710, at *2 (W.D. Ark. Aug. 16, 2016) (finding unpersuasive the plaintiff's unsubstantiated claim of not remembering signing an arbitration agreement), *report and recommendation adopted*, *Harrod v. Signet Jewelers Ltd.*, No. 6:15-cv-6111 SOH, 2016 WL 4639175 (W.D. Ark. Sept. 6, 2016). Therefore, the Court finds that Plaintiff was competent at the time the arbitration agreement was executed.

Plaintiff's arguments regarding the remaining four elements of a contract under Arkansas law all rest on the assertion that Plaintiff must not have signed the arbitration agreement because it was not signed in ink or electronically in cursive signature. The Court notes that an electronic signature[6] can be used to sign a contract and has the same force and effect as a written signature. *See* Ark. Code Ann. § 25-32-107. In this case, the record shows that Plaintiff accessed the arbitration agreement through Defendant's computer system and clicked a box indicating that she read and acknowledged the agreement. Under Arkansas law, this is a valid signature for contract

---

[5] In support, Plaintiff provides the court with two affidavits—one from an ex-coworker at Pizza Hut, and one from her roommate. (ECF Nos. 20-21). The roommate's affidavit states that Plaintiff suffers from occasional loss of concentration and memory loss, and speculates that Plaintiff likely cannot remember signing the arbitration agreement due to this. The ex-coworker's affidavit states that, like Plaintiff, he also does not remember electronically signing an arbitration agreement.

[6] An electronic signature is "an electronic sound, symbol, or process attached or logically associated with a record and executed or adopted by a person with the intent to sign the record." Ark. Code Ann. § 25-32-102(8).

purposes. That aside, the form of Plaintiff's signature has no bearing on whether the agreement is invalid for lack of definite subject matter, consideration, mutual agreement, or mutual obligations. As Judge Bryant stated, the arbitration agreement covers the essential terms of the contract in detail, and the Court agrees that the subject-matter element is met. The Court finds that legal consideration exists because, under the agreement, Plaintiff and Defendant both promised to relinquish their rights to a trial and to instead arbitrate any legal claims that one might have against the other. Because both parties relinquished their trial rights and agreed to arbitrate any claims, the Court finds that the arbitration agreement contains mutual obligations and mutual promises. Therefore, the Court finds that all five essential elements of a contract are met.

Plaintiff's final objection asserts that the arbitration agreement is invalid because it was not used to prevent her from previously pursuing a workers' compensation claim. This discrepancy is explained by the language of the arbitration agreement, which states that the agreement would not prevent Plaintiff from pursuing an action with an administrative agency, including workers' compensation or unemployment claims with applicable state agencies. The agreement states, however, that all legal claims the parties have against one another fall within the scope of the agreement. Therefore, the Court finds that Plaintiff's previous workers' compensation claim does not render the agreement invalid.

For the reasons above, the Court finds that the arbitration agreement is valid and enforceable. Plaintiff does not object to Judge Bryant's recommendation that her claims fall within the scope of the arbitration agreement. The Court agrees with Judge Bryant and finds that the agreement explicitly lists employment claims as within its scope.[7]

---

[7] Even assuming *arguendo* that the additional claims Plaintiff purports to assert were properly brought before the Court, these claims would all fall within the scope of the agreement, as it covers "any claims" each party may have

## III.  CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court overrules Plaintiff's objections and adopts the Report and Recommendation. (ECF No. 18).  Defendants' Motion to Compel Arbitration and Dismiss or in the Alternative Stay Proceedings (ECF No. 12) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's claims are referred to arbitration in accordance with the parties' agreement.  The matter is hereby stayed and administratively terminated pursuant to 9 U.S.C. § 3, without prejudice to the right of the parties to reopen the proceedings to enforce the arbitrator's decision.

**IT IS SO ORDERED**, this 21st day of March, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

against the other.  (ECF No. 12-3).