IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DASHUNDA R. JOHNSON                                                                    PLAINTIFF

vs.                                             Case No. 1:16-cv-01089

PIZZA HUT[1]                                                                              DEFENDANT

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion and Amended Motion to Vacate, Modify or Correct Arbitration Award. ECF No. 34, 38. Defendant has filed a response to this Motion. ECF No. 41.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred these Motions to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

**1.    Background:**

Plaintiff, who is proceeding *pro se*, filed her lawsuit on October 26, 2016. ECF No. 1. On March 21, 2017, Plaintiff's claims were referred to arbitration. ECF No. 23. The matter was stayed and administratively terminated pursuant to 9 U.S.C. § 3, without prejudice to the right of the parties to reopen the proceedings to enforce the arbitrator's decision. *Id.* The parties then engaged in arbitration before the American Arbitration Association ("AAA") and selected arbitrator John C. Holstein to preside over the proceedings. ECF No. 41-2. On October 17, 2018, Arbitrator Holstein entered his Award of Arbitrator and found Plaintiff failed to establish any of her claims by a preponderance of the evidence. *Id.*

---

[1]Defendant Pizza Hut states that it was incorrectly named in this action and that its proper name is "NPC International, Inc." The Court will refer to the party in this Order as "NPC."

With this Motion, Plaintiff claims the Arbitration Award should be vacated because (1) Arbitrator Holstein erred by not requiring witness Shalanna Thornton to appear in person to testify, (2) Arbitrator Holstein awarded attorney's fees to NPC, and (3) Plaintiff has discovered "new evidence" ECF No. 38.

In response, Defendant claims the Plaintiff's Motion should be denied because there is no basis to disturb the Arbitration Award. ECF No. 41.

**2.** **Applicable Law:**

A district court's review of an arbitration award is extremely limited. *See Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504 (2001). The underlying award is entitled to an "extraordinary level of deference." *Schoch v. Infousa, Inc.*, 341 F.3d 785, 788 (8th Cir. 2003) (internal citations omitted). According to this narrow and deferential standard, a district court may not set aside an arbitration award even if the court may "have interpreted the agreement differently or because the arbitrator erred in interpreting the law or in determining the facts." *Hoffman v. Cargill, Inc.*, 236 F.3d 458, 462 (8th Cir. 2001). So long as the arbitrator is even arguably construing the underlying contract and acting within his scope of authority, the award should be confirmed. *Schoch*, 341 F.3d at 788.

An arbitrator's broad authority is constrained by the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 1 et seq. A district court may vacate an award if it evidences a manifest disregard for the law or if it is completely irrational. *See* 9 U.S.C. § 10(a)(4), *Hoffman*, 236 F.3d at 461. An award may also be vacated if the arbitrator is guilty of misconduct. *See* 9 U.S.C. § 10(a)(3).

**3.** **Discussion:**

Plaintiff first claims the Arbitration Award should be vacated because Arbitrator Holstein

erred by not requiring witness Shalanna Thornton to appear in person to testify. ECF No. 38, Pgs. 3-4. Upon review, the Court finds this as no basis for vacating the Arbitration Award.

As shown by the transcript of the arbitration proceeding, Plaintiff objected to Ms. Thornton's testimony being offered telephonically. ECF No. 41-1, Pgs. 40-41. Following this, NPC rested its case in chief and declined to call Ms. Thornton to testify. *Id.* NPC was not required to call any witness and Plaintiff could have subpoenaed Ms. Thornton to testify in her case in chief. Additionally, there is no indication Plaintiff requested she be allowed to reopen her case to call Ms. Thornton as a witness.

Plaintiff next argues it was error to award attorney's fees to NPC. ECF No. 38, Pgs. 5-7. However, there was no award of attorney's fees in this matter. ECF No. 41-2. The Arbitration Award did find NPC would be responsible for payment of administrative fees and expenses of the AAA and for the compensation and expenses of Arbitrator Holstein. *Id.*

Plaintiff also claims to have obtained "newly discovered evidence" in the form of text messages with Shalanna Thornton. ECF No. 38, Pgs. 8-17. However, the text messages were never presented to Arbitrator Holstein either at the hearing or following the decision.[2] Furthermore, Plaintiff could also have called Ms. Thornton as a witness at the hearing where the matters contained in the text messages could have been put into evidence.

**4.**     **Conclusion:**

For the reasons discussed above, the Court finds Plaintiff has failed to establish any basis to set aside the Arbitration Award and recommends Plaintiff's Motion and Amended Motion to Vacate,

---

[2]In their Response, Counsel for NPC states they conferred with Ms. Thornton after Plaintiff filed her motion, and was advised by Ms. Thornton she never sent any such text messages or had any conversations with Plaintiff.

Modify or Correct Arbitration Award (ECF No. 34, 38) be **DENIED**.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 23rd day of January 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE

4