IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DASHUNDA R. JOHNSON                                                    PLAINTIFF

v.                                    Case No. 1:16-cv-1089

PIZZA HUT                                                              DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed on January 23, 2019, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 42). Judge Bryant recommends that the Court deny Plaintiff's pending motions to vacate, modify, or correct the arbitration award. (ECF Nos. 34, 38). Plaintiff filed objections. (ECF No. 43). The Court finds the matter ripe for consideration.

## I. BACKGROUND

Plaintiff brought this employment-discrimination action against Defendant under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). On March 21, 2017, the Court referred this matter to arbitration in accordance with the parties' arbitration agreement. In doing so, the Court ordered this matter stayed and administratively terminated without prejudice to the parties' right to reopen the proceedings to enforce the arbitrator's decision.

On September 17, 2018, the parties underwent an arbitration hearing. (ECF No. 34, p. 24). At the beginning of the hearing, Defendant advised Plaintiff and the arbitrator that it might call Plaintiff's former supervisor, Shalanna Thornton, to testify, but that she was unavailable to appear in person that day. To that end, Defendant requested that Ms. Thornton be allowed to testify telephonically, if called. Plaintiff and the arbitrator agreed to the request. (ECF No. 41-1, p. 11:9-14). Plaintiff called one live witness and testified on her own behalf in her case in chief. She then rested her case. Defendant called

one live witness, Jason Hammerlinck, as part of its case in chief.  Afterwards, the day was nearing a close, so the arbitrator began discussing when to schedule Ms. Thornton's telephonic testimony.  At that time, Plaintiff objected to Ms. Thornton testifying telephonically and maintained that her testimony must be offered in person.  Defendant then decided that it would instead rest its case in chief and not call Ms. Thornton as a witness.  The arbitrator asked each party if they had any other witnesses to call, and each side replied negatively, thereby concluding the arbitration hearing.  On October 17, 2018, the arbitrator issued a written arbitration award, finding in favor of Defendant on all of Plaintiff's claims and stating that all administrative fees and arbitrator expenses shall be borne by Defendant, the respondent.  (ECF No. 34, p. 86).

On December 7, 2018, Plaintiff filed with this Court a motion to vacate, modify, or correct the arbitration award.  (ECF No. 34).  On December 27, 2018, Plaintiff filed an amended motion.[1]  (ECF No. 38).  Plaintiff argues that the arbitration award should be vacated under 9 U.S.C. § 10 or otherwise modified under 9 U.S.C. § 11 for three reasons.  First, she argues that the arbitrator erred by failing to require that Ms. Thornton testify in person at a hearing.  Second, she appears to argue that the arbitrator exceeded the scope of his power by assessing attorney's fees and costs against Plaintiff when no party requested the assessment of fees or costs.  Third, she seems to argue that the award should be set aside because she has acquired newly discovered evidence in the form of a lengthy text message exchange between Plaintiff and Ms. Thornton—occurring after the arbitration hearing—in which Plaintiff asked various questions that were posed to Mr. Hammerlinck at the arbitration hearing, to which Ms. Thornton gave answers that differed from those of Mr. Hammerlinck.

In response, Defendant argues that no basis exists to disturb the arbitration award.  Specifically, Defendant argues that it had no obligation to call Ms. Thornton as a witness at the arbitration hearing,

---

[1] Plaintiff's original motion contained numerous attached exhibits that her amended motion did not.  The Court assumes that Plaintiff intended her amended motion to incorporate the exhibits attached to the original.  In any event, Plaintiff suffered no prejudice from failure to reattach her exhibits to the amended motion because Judge Bryant and the Court considered Plaintiff's original and amended motions, as well as any exhibits thereto.

and that Plaintiff failed to call Ms. Thornton as a witness during her own case in chief and failed to, at any point, move to reopen her case in chief to call Ms. Thornton. Thus, Defendant argues that the arbitrator did not err by failing to require that Ms. Thornton testify in person at the arbitration hearing. Defendant also argues that the arbitration award should not be disturbed based on an assessment of attorney's fees because the arbitration award did not assess fees against Plaintiff. Defendant also argues that Plaintiff's purportedly newly discovered evidence does not suffice to vacate the award because Plaintiff could have offered the evidence at the time of the arbitration, either through live testimony or by other means.[2] Thus, Defendant concludes that Plaintiff's motion should be denied.

The Court referred Plaintiff's motions to Judge Bryant to make a Report and Recommendation. On January 23, 2019, Judge Bryant issued the instant Report and Recommendation, recommending that the Court deny Plaintiff's motions to vacate, modify, or correct the arbitration award. Specifically, Judge Bryant found that the arbitrator did not commit error justifying vacatur of the arbitration award by failing to require Ms. Thornton's live testimony at the arbitration hearing. Judge Bryant reasoned that Defendant declined to call Ms. Thornton as a witness after Plaintiff objected to her telephonic testimony and that Plaintiff likewise failed to request that she be allowed to reopen her case to call Ms. Thornton. Judge Bryant also found no error regarding attorney's fees, reasoning that the arbitration award did not assess attorney's fees against Plaintiff and that the award instead indicated that Defendant would be responsible for the payment of administrative fees and expenses associated with the arbitration. Finally, Judge Bryant found that the arbitration award should not be vacated based on newly discovered evidence because Plaintiff failed to present the evidence to the arbitrator, either at the arbitration hearing or afterwards, and could have presented the substance of the evidence at the arbitration hearing by calling Ms. Thornton to testify as part of her own case in chief.

---

[2] Defendant also questions the validity of the text message exchange between Plaintiff and Ms. Thornton, noting that defense counsel spoke with Ms. Thornton after Plaintiff filed the underlying motions, and Ms. Thornton indicated that she did not speak to or exchange text messages with Plaintiff after the arbitration hearing. However, for reasons discussed below, the Court's ruling remains the same regardless of whether the text message exchange occurred.

On January 28, 2019, Plaintiff filed a document responding and objecting to Defendant's response brief opposing Plaintiff's motions. (ECF No. 43). Specifically, Plaintiff reiterates her arguments in favor of vacating or modifying the arbitration award and asks that several passages from Defendant's response be stricken on various grounds, including relevance and hearsay. This filing is not styled as an objection to the instant Report and Recommendation and does not mention the Report and Recommendation or its findings. Further, Plaintiff has not filed objections to the Report and Recommendation and her time to do so has passed. However, the Court will construe Plaintiff's January 28, 2019 filing as objections to the Report and Recommendation because Judge Bryant agreed with Defendant's arguments on all points at issue. Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections.

## II. DISCUSSION

A federal court's review of an arbitration award is extremely limited. *See Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001). An underlying arbitration award is entitled to an "extraordinary level of deference." *Boise Cascade Corp. v. Paper Allied-Indus., Chem. & Energy Workers (PACE), Local 7-0159*, 309 F.3d 1075, 1080 (8th Cir. 2002). Under this narrow and deferential standard, a federal court may not set aside an arbitration award even if the reviewing court may "have interpreted the agreement differently or because the arbitrator erred in interpreting the law or in determining the facts." *Hoffman v. Cargill, Inc.*, 236 F.3d 458, 462 (8th Cir. 2001). So long as the arbitrator has even arguably construed the underlying contract and acted within her scope of authority, the award should be confirmed. *Boise Cascade Corp.*, 309 F.3d at 1080.

"However, an arbitrator's decision is not totally free from judicial review." *Id.* Federal courts may vacate an arbitration award pursuant to 9 U.S.C. § 10 in any of the following cases:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, or in refusing to hear evidence material to the controversy, or of any other misbehavior; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final,

and definite award upon the subject matter was not made.

9 U.S.C. § 10(a) (footnote added); *Val-U Const. Co. of S. D. v. Rosebud Sioux Tribe*, 146 F.3d 573, 578-79 (8th Cir. 1998). Federal courts may not vacate an arbitration award pursuant to 9 U.S.C. § 10 for any other unenumerated reason. *See Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586-87 (2008); *Med. Shoppe Int'l, Inc. v. Turner Investments, Inc.*, 614 F.3d 485, 489 (8th Cir. 2010) (recognizing that other previously recognized grounds for vacating an arbitration award are no longer valid). Similarly, a reviewing court may only modify an arbitration award pursuant to 9 U.S.C. § 11 in the following circumstances:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award; (b) where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision . . .; (c) where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11(a-c).

As a preliminary matter, the Court finds that Plaintiff's requests to strike multiple passages from Defendant's response brief should be denied. Plaintiff has not identified the procedural mechanism under which she moves to strike assertions in Defendant's response brief, and the Court is unaware of any such mechanism. *See George v. Davis*, No. 3:13-cv-3058-PKH, 2015 WL 463114, at *1 (W.D. Ark. Feb. 4, 2015) ("Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."). Even if such a mechanism exists and was properly identified, the passages Plaintiff seeks to strike are relevant to the motion at issue and do not constitute inadmissible hearsay.[3] Thus, the challenged passages shall not be stricken.

Turning to Judge Bryant's specific findings, the Court agrees that Plaintiff has asserted no basis upon which to disturb the arbitration award. Plaintiff asserts three bases on which to vacate or modify the arbitration award: that the arbitrator erred by not requiring Ms. Thornton to testify in person; that

---

[3] Even if the passages objected to as hearsay should be excluded under the Federal Rules of Evidence, exclusion of those passages would have no effect on the outcome of this order.

Plaintiff has since uncovered newly discovered evidence; and that the arbitrator erred by assessing attorney's fees and costs against Plaintiff. The Court will separately address these arguments.

**A. Ms. Thornton's In-Person Testimony**

The arbitrator did not commit error or misconduct justifying vacatur of the arbitration award by refusing to require that Ms. Thornton appear in person to testify. It appears that Plaintiff wished to elicit Ms. Thornton's testimony at the arbitration hearing, believing that her testimony would favor Plaintiff's case. Plaintiff had the opportunity to subpoena and/or call Ms. Thornton as part of her case in chief if she so wished, but she did not do so. Defendant attempted to offer Ms. Thornton's testimony via telephone and the arbitrator attempted to schedule the telephonic testimony, but Plaintiff objected, insisting that Ms. Thornton must testify in person. Plaintiff seems to suggest that she did not think it was necessary to call Ms. Thornton as a witness in her own case in chief because Defendant employs Ms. Thornton and, thus, Plaintiff assumed that Defendant would call Ms. Thornton as its own witness. However, this argument is belied by the fact that, after Defendant declined to call Ms. Thornton and rested its case, the arbitrator asked Plaintiff if she had any more witnesses to call, to which she said no. Assuming that Plaintiff reasonably believed that Defendant would call Ms. Thornton as a witness in its case in chief, it eventually became clear that Defendant would not call her. At that time, the arbitrator gave Plaintiff an opportunity to reopen her case in chief and present Ms. Thornton as a witness and she declined to do so.

Plaintiff also appears to argue that the arbitrator should have postponed the arbitration hearing until Ms. Thornton was available to testify in person. However, nothing in the record shows that Plaintiff asked the arbitrator to postpone the hearing until Ms. Thornton could appear in person. Furthermore, the record shows that, prior to Plaintiff's objection, the arbitrator was attempting to schedule Ms. Thornton's telephonic testimony at a later date. Plaintiff offers no explanation of why Ms. Thornton's telephonic testimony would have been insufficient or why her in-person testimony was instead necessary. Accordingly, the Court finds no error or misconduct on the arbitrator's part related

6

to Ms. Thornton's testimony that justifies disturbing the arbitration award.

## B. Newly Discovered Evidence

For the same reasons discussed above, the Court finds that the arbitration award should not be vacated because of any newly discovered evidence. As an initial matter, the Court finds that this is not a valid, enumerated basis upon which to vacate an arbitration award. *See* 9 U.S.C. § 10(a) (setting out the exclusive circumstances under which vacatur of an arbitration award is proper). Plaintiff appears to make this argument pursuant to Federal Rule of Civil Procedure 60(b),[4] but cites no authority authorizing a federal court's use of Rule 60(b) to grant a party relief from an arbitration award issued by a third-party arbitrator based on the party's newly discovered evidence. Such an action would run afoul of the United States Supreme Court's instruction that reviewing courts may only set aside an arbitration award for the reasons expressly enumerated in 9 U.S.C. § 10, which does not provide for vacatur based on newly discovered evidence. *See Hall Street Assocs., L.L.C.*, 552 U.S. at 586-87. Moreover, Rule 60(b) "is not a discovery tool, and the Supreme Court has made clear that the [Federal Arbitration Act ("FAA")] does not authorize 'full-bore legal and evidentiary appeals that can render informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process.'" *Wolfson v. Allianz Life Ins. Co. of N. Am.*, No. Civ. 14-4469 JNE/BRT, 2015 WL 2194813, at *8 n.9 (D. Minn. May 11, 2015) (quoting *Hall Street Assocs., L.L.C. v.*, 552 U.S. at 588). "Allowing a party to engage in additional discovery after arbitration proceedings have come to an end . . . would undercut the limited and expedited review contemplated by the FAA." *Id.* Thus, the Court finds that Plaintiff cannot use Rule 60(b) to offer additional evidence obtained after the conclusion of her arbitration hearing.

Even assuming *arguendo* that Plaintiff could invoke Rule 60(b) in this instance, the Court finds

---

[4] In relevant part, Rule 60(b) authorizes a court to "relieve a party . . . from a final judgment, order, or proceeding [based on] . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b)(2).

that Plaintiff's offered evidence does not warrant disturbing the arbitration award. The evidence Plaintiff offers is a text message exchange that purportedly occurred between her and Ms. Thornton sometime after the conclusion of the arbitration hearing. In the exchange, Plaintiff asks Ms. Thornton various questions that defense counsel posed to Mr. Hammerlinck at the arbitration hearing, and to which Ms. Thornton appears to give answers differing from those of Mr. Hammerlinck. Plaintiff asserts in conclusory fashion that she could not have obtained Ms. Thornton's testimony before the hearing and, thus, the arbitration award should be vacated so the parties can undergo another arbitration, this time featuring Ms. Thornton's testimony.

The Court disagrees. The parties underwent a lengthy discovery period before the arbitration hearing and Plaintiff had ample time to obtain and offer Ms. Thornton's testimony at the hearing, either in person or through other means, such as affidavit. Moreover, Defendant attempted to call Ms. Thornton as a witness telephonically, which would have presumably elicited the same testimony that she would have given in person. Ms. Thornton appearing telephonically would have also allowed for direct and cross examination of her just the same. Near the end of the hearing, the arbitrator gave Plaintiff an opportunity to call any other witnesses, which she declined. Plaintiff had multiple opportunities to secure and offer the substance of Ms. Thornton's testimony prior to the purported text message exchange, but she failed to do so. Other than making the conclusory statement that she could not have obtained Ms. Thornton's testimony before the hearing, Plaintiff offers no reason why this was so. Even if the Court credits Plaintiff's statement that she believed Defendant would call Ms. Thornton as a witness, she could have still subpoenaed Ms. Thornton to be safe if she believed Ms. Thornton's testimony would be relevant. Thus, the Court finds that the exchange is not newly discovered evidence that could not have been uncovered beforehand through reasonable diligence. Accordingly, the Court finds no reason to disturb the arbitration award for this reason.

### C. Award of Attorney's Fees and Costs

Finally, the Court finds unpersuasive Plaintiff's argument that the award should be modified

under 9 U.S.C. § 11 because it assessed attorney's fees and costs against Plaintiff despite no party asking for fees and costs. Although it is true that reviewing courts may modify an award where the arbitrators have awarded upon a matter not submitted to them, the record shows that the arbitration award did not assess fees and costs against Plaintiff. The only mention the award makes of fees and expenses is that administrative fees and arbitrator expenses would be incurred by the respondent, which the award clearly refers to as Defendant. (ECF No. 41-2, p. 1). Accordingly, the Court sees no basis to modify the arbitration award due to the imposition of fees and costs.

### III. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Plaintiff's objections offer neither law nor fact which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Accordingly, the Court hereby overrules Plaintiff's objections and adopts the Report and Recommendation. (ECF No. 42). Plaintiff's motion to vacate, modify, or correct the arbitration award (ECF No. 34) is hereby **DENIED**. Plaintiff's amended motion (ECF No. 38) is also **DENIED**.

**IT IS SO ORDERED**, this 7th day of February, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge